UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANE M. HOLLEY,

                              Plaintiff,

                                                                                            <u>DECISION AND ORDER</u>

                                                                                             11-CV-6316L

                              v.

EMPIRE STATE CARPENTERS PENSION PLAN,
BOARD OF TRUSTEES OF THE EMPIRE STATE
CARPENTERS PENSION PLAN,
SOUTH CENTRAL NEW YORK DISTRICT COUNCIL
OF CARPENTERS PENSION PLAN,
BOARD OF TRUSTEES OF THE SOUTH CENTRAL
NEW YORK DISTRICT COUNCIL OF CARPENTERS
PENSION PLAN,

                                           Defendants.
_____

       Plaintiff Shane M. Holley ("Holley") brings this action against the Empire State Carpenters Pension Plan, its board of trustees (together the "Empire Plan"), the South Central New York District Council of Carpenters Pension Plan, and its board of trustees (together the "South Central Plan"). Donovan alleges that the defendants wrongfully denied him disability retirement pension benefits, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1024(b)(4), §1132(a)(1)(B).

       On April 27, 2010, Holley, who had originally been a participant in the South Central Plan and later became a participant in the Empire State Plan after it merged with and succeeded the South Central Plan, applied for disability retirement benefits. The Empire State Trustees denied that application, stating that Holley was ineligible for benefits because he was forty-one years old, and as such had not attained the applicable age minimum of forty-five. (Dkt. #1 at ¶28.) Holley

appealed that decision, claiming that a subsequent amendment to the South Central Plan had removed the age minimum for disability benefits supported by a Social Security Administration ("SSA") Disability Award, so long as the award was "effective on or after January 1, 2009," and that an April 20, 2010 SSA letter awarding him disability benefits represented the "effective" date of that award. (Dkt. #1 at ¶20). On February 14, 2011, the Empire State Trustees denied Holley's appeal, finding that the "effective" date of Holley's SSA disability award was not the date of his notification letter, but December 1, 2008, the date from which the SSA had ordered his benefits to be calculated and paid, that is, the onset date of his disability. (Dkt. #1 at ¶31). This action followed.

The defendants now move to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) (Dkt. #6), arguing that Holley has failed to plausibly allege that the decision to deny him disability retirement pension benefits was arbitrary and capricious, or that ERISA was otherwise violated. For the reasons that follow, that motion is granted.

**I.     Standard of Review**

Where, as here, the terms of an ERISA Plan give its Administrator the sole and absolute authority to interpret the Plan and determine claimants' eligibility for benefits, the Administrator's determinations are subject to a deferential standard of review, which requires only that the Administrator's decision was not arbitrary or capricious. *See Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *Pagan v. Nynex Pension Plan,* 52 F.3d 438, 441 (2d Cir. 1995); *Darling v. DuPont deNemours & Co.,* 952 F.Supp. 162, 163 (W.D.N.Y. 1997). Under this standard, this Court may only overturn the final decision of the Administrator to deny benefits if it was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Darling*, 952 F.Supp. 162 at 165 (quoting *Pagan,* 52 F.3d 438 at 442). The reviewing court's ultimate focus is "whether the decision was based on a consideration of the relevant factors and whether there has

been a clear error of judgment." *Jordan v. Retirement Committee of Rensselaer Polytechnic Inst.*, 46 F.3d 1264, 1271 (2d Cir. 1995).

Holley argues that the defendants are not entitled to this standard of review because the Empire Plan Trustees lacked discretion to make a determination of his benefits, citing his conclusory allegation to that effect in the Complaint. However, the Court's examination of the defendants' motion to dismiss is not limited to the four corners of the Complaint where, as here, the Complaint incorporates by reference the South Central Plan, the Empire Plan, and the documents merging the two. *See Savino v. Fiorella*, 2007 U.S. Dist. LEXIS 43284 at *10-*11 (W.D.N.Y. 2007) (where additional documents are incorporated by reference into the complaint, they may be considered on a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6)).

The South Central Plan's Amended and Restated Pension Fund Plan Document specifies that effective January 1, 2006, the "Trustees, *or their designee*, will have exclusive [final and binding] authority and discretion" to determine individuals' eligibility for benefits, and the amount to which they may be entitled, including all related fact-finding and Plan interpretation, etc. (Dkt. #7-1, Exh. 2 at 37-38) (emphasis added). In turn, the Merger Agreement explicitly designates the Empire Plan Trustees as the trustees of the South Central Plan, and thus imbues the Empire Plan Trustees with the same broad discretion to make benefits determinations as the South Central Trustees had originally enjoyed. *See* Dkt. #7-1, Exh. 3 at Sections 3.3, 4.1-4.3) ("[this] Agreement [will] vest the Empire Fund with full title to all properties, assets and/or rights of the South Central Fund . . . the Empire Fund Board of Trustees shall assume responsibilities under ERISA and other applicable law with regard to such assets and the Board of Trustees of the South Central Fund shall no longer act as fiduciaries or otherwise have any liabilities or obligations with respect thereto...").

Because plaintiff has not plausibly alleged that the Empire Plan Trustees lacked discretion to determine his eligibility for benefits under the South Central Plan, and because the South Central Plan documents and Merger Agreement explicitly provide that the Empire Plan Trustees did have

such discretion, I conclude that in order to state a claim, Holley must plausibly allege that the defendants' acts were arbitrary and capricious.

## II.  Applicable Provisions of the South Central Plan

Holley alleges that the original version of Section 4.04-(a), which formed the basis of the Empire State Trustee's denial of his application, was superseded by an amendment in June 2009. The amended provision states, in relevant part, that "[a] Participant who is awarded a Social Security Administration Disability Award, determining that he is totally and permanently disabled, *that is effective on or after January 1, 2009*, will be entitled to Total and Permanent Disability Pension . . ." (Dkt. #1 at ¶20)(emphasis added).  If, however, the award is "effective on or before December 31, 2008," the forty-five-year age minimum – which Holley concedes he had not met at the time of his application – "remain[s] applicable." *Id*.

## III.  Holley's Claims

Defendants contend that Holley's allegation that disability benefits were "wrongful[ly]" denied fails to state a cognizable ERISA claim, because Holley has not alleged that the defendants' decision to deny benefits was "arbitrary and capricious," or set forth facts sufficient to support such a finding.  *See In Ranno v. Hartford Life & Accident Ins. Co.*, 2010 U.S. Dist. LEXIS 65463 at *7-*8 (claim that denial of benefits was a "willful and wrongful breach of the policy terms" is insufficient to state a claim for relief under ERISA).

A plan fiduciary's decision to deny benefits is arbitrary and capricious only if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law").  *Miller v. United Welfare Fund*, 72 F.3d 1066, 1072 (2d Cir. 1995).  Where the trustees' rational interpretation of plan terms conflicts with a rational interpretation by the rejected applicant, the trustees' interpretation will control.  *See Demirovic v. Building Svc. 32 B-J Pension Fund*, 467 F.3d 208, 212 (2d Cir. 2006);

*O'Shea v. First Manhattan Co. Thrift Plan & Trust*, 55 F.3d 109, 112 (2d Cir. 1995); *Miles v. New York State Teamsters Conference Pension & Ret. Fund Employee Pension Ben. Plan*, 698 F.2d 593, 601 (2d Cir. 1983).

Defendants interpret the amended Section 4.04-(a)'s use of the term "Disability Award . . . that is effective on or after January 1, 2009," to refer to the date from which award payments were set to be calculated – in Holley's case, December 1, 2008, one month short of the January 1, 2009 window set forth in Section 4.04-(a) of the Plan documents. Holley, in contrast, alleges that the "effective" date should have been determined to be April 20, 2010, the date of the Social Security Administration's letter notifying him of the retroactive benefits award.

The determinative question is thus whether the defendants' actions and interpretations of the South Central/Empire State Plan, as alleged by Holley, comprise a plausible claim for the "arbitrary and capricious" denial of benefits. I find that they do not. The defendants' interpretation of "Social Security Administration Disability Award . . . that is effective on or after January 1, 2009," to mean an SSA award that orders the payment of benefits calculated from a date on or after January 1, 2009, is a rational and logical interpretation of the Plan language. Indeed, to interpret the language in the manner Holley suggests would require the reader to ignore the logical connection between a participant's disability onset date for Plan purposes and his disability onset date as determined by the SSA, and instead make that participant's eligibility for Plan benefits under Section 4.04-(a) arbitrarily dependent on the particular case loads, time schedules, decision-making speed and notification procedures of the SSA. Moreover, Holley cites no legal support for his interpretation. To the contrary, a Mississippi district court presented with a similar issue held that a pension plan trustees' interpretation that the "date of disability" for purposes of a Social Security benefits award is the date of disability onset as determined by the agency, and not the date of its notification letter, was not arbitrary or capricious. *See Kirschnerheuter v. Board fo Trustees of the GSC-ILA Pension Plan*, 341 F. Supp. 2d 624, 631 (S.D. Miss. 2004) ("[i]t is both fair and logical to tie the participant's

disability benefits to the date upon which the participant became disabled rather than, as argued by [plaintiff], to the date upon which the SSA issued its decision. If, as urged by the Plaintiff, the date of disability is interpreted as the date of the SSA's decision, the amount of the disability benefit would vary from participant to participant depending on the speed with which the SSA processed its applications").

Regardless of whether alternative interpretations might be advanced, Holley has not alleged, nor do the facts alleged plausibly indicate, that the defendants' interpretation of the Plan language is unreasonable or lacks evidentiary support, or that the denial of Holley's application was otherwise arbitrary and capricious.

Holley also claims that the defendants violated ERISA Sections 501(c)(1) and 104(b)(4) by failing to produce certain documents to him. *See* 29 U.S.C. §1024(b)(4) ("[t]he administrator shall . . . furnish a copy of the latest updated summary plan description . . ."); 29 U.S.C. §1132(c)(1) ("[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant . . . may in the court's discretion be personally liable to such participant . . .").

The complaint, however, does not set forth facts demonstrating the withholding or untimely production of any requested documents. To the contrary, it attests that "a trust document and some merger documents were received by Plaintiff's counsel," but makes a seemingly-contradictory and factually unsupported ad damnum request for damages due to defendants' "failure to comply or refusal to mail the material requested to [plaintiff]." (Dkt. #1 at ¶¶36, 49). The complaint does not describe any actual failure on defendants' part to produce any requested documents, or identify any documents that were not produced. Accordingly, Holley's claim that defendants failed to comply with a request for information is insufficiently stated, and is dismissed.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I conclude that plaintiff, Shane Holley, has failed to plausibly allege that the defendants' determination to deny his benefits application was arbitrary and capricious, or that the defendants withheld documents required to be provided by law. Defendants' motion to dismiss the complaint (Dkt. #6) is granted, and the complaint is dismissed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 5, 2012.